



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KINGSPORT

| | |
|---|---|
| Shelia Smithee | )    **Docket No.: 2014-02-0022** |
|      **Employee,** | ) |
| v. | )    **State File Number: 78990/2014** |
| **Goodwill Industries** | ) |
|      **Employer,** | )    **Judge Brian K. Addington** |
| **And** | ) |
| **Starnet Insurance. Co./Key Risk** | ) |
|      **Insurance Carrier/TPA.** | ) |
| | ) |

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS

This cause came to be heard on November 2, 2015, for an Expedited Hearing. The present focus of this case is the employee's entitlement to medical benefits when she was unable to participate in a urine drug screen (UDS) upon her initial visit to an authorized physician. The central legal issue is the compensability of the employee's claim in light of the incomplete UDS.[1] For the reasons set forth below, the Court finds Ms. Smithee's injury is compensable and grants her medical benefits at this time.

### History of Claim

Employee, Sheila Smithee, is a sixty-year-old resident of Jefferson County, Tennessee. (T.R. 1 at 1.) She worked for two years as an attendant at Goodwill Industries' location in Russellville, Tennessee, where she received donated items and assisted customers with recycling. On August 25, 2014, Ms. Smithee injured her back while cleaning what she described as "a large mess" left by Goodwill drivers. (Ex. 1.)

The next day, Ms. Smithee reported her injury to her supervisor, Jack Horner, and reported it again on September 2, 2015. *Id.* Ms. Smithee's husband, Charles Breeden, who filed an affidavit in this matter and testified at the hearing, also discussed Ms. Smithee's injury with Mr. Horner. (*See* Exs. 1 and 2.) Mr. Horner only responded that Ms. Smithee should "take it easy." *Id.*

---

[1] Additional information regarding the certified issues, technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an Appendix.

On the morning of October 3, 2014, Mr. Horner met with Ms. Smithee and Mr. Breeden in Morristown, Tennessee, to discuss her injury. *Id.* He prepared an accident report and presented a C-42 physician panel to Ms. Smithee from which she selected Healthstar Physicians (Healthstar). (Ex. 5.) Mr. Horner scheduled an appointment at Healthstar later that afternoon. *Id.*

When she arrived at Healthstar, Ms. Smithee used the restroom. *Id.* Afterward, a nurse informed Ms. Smithee she would need to submit to a UDS. *Id.* Ms. Smithee explained she had used the restroom shortly before and was unable to provide the needed sample. *Id.*

During the hearing, Ms. Smithee confirmed that the nurse offered her water and allowed her an additional thirty minutes to become ready for the UDS. Ms. Smithee added that, because Goodwill did not have a restroom at her work location and discouraged employees leaving for bathroom breaks, she became accustomed to holding her urine and could not produce on-demand.

After a few hours, two nurses questioned Ms. Smithee and accused her of "hiding something," or being "on drugs." *Id.* Ms. Smithee offered to submit to a blood test, but the nurses refused. *Id.* A Healthstar employee named Allison spoke with a Goodwill Human Resources representative named Megan and informed Megan that Ms. Smithee refused the UDS. *Id.* Allison instructed Ms. Smithee to leave Healthstar and informed her Goodwill terminated her for failure to comply with the UDS. *Id.* Ms. Smithee never saw a Healthstar physician. *Id.* Ms. Smithee testified she does not take illegal drugs or drink alcohol.

Later that afternoon, Ms. Smithee presented at ExpressHealth Clinic in Jefferson City, Tennessee, in order to complete a UDS. The results were negative. (Ex. 4.) On October 13, 2014, Ms. Smithee went for treatment at the Health Department in Dandridge, Tennessee, complaining of back pain that she related to the August 25, 2014 work incident. (Ex. 3.) Goodwill denied Ms. Smithee's subsequent request for medical care on Mr. Horner's assertion that she never told him that she injured her back at work. (Ex. 1.) During the hearing, Goodwill acknowledged that it no longer employs Mr. Horner.

On August 28, 2015, the Court conducted a show cause hearing in this matter concerning the failure to file a Request for Expedited Hearing or an Initial Hearing within sixty days of February 24, 2015, the date of issuance of the Dispute Certification Notice. (T.R. 3.) Ms. Smithee informed the Court that her attorney was unable to practice law because she had been placed on disability inactive status. *Id.* Ms. Smithee advised that she would proceed with the Expedited Hearing with or without her attorney. *Id.* The Court found good cause to not dismiss Ms. Smithee's case and set the Expedited Hearing

2

for November 2, 2015. *Id.*

At the Expedited hearing, Ms. Smithee asserted that she injured her back at work on August 25, 2014, and requested long-term medical care. She added that she preferred to see her physician in Sevierville, Tennessee, Dr. Samuel McGaha, and that she did not wish to return to Healthstar. Ms. Smithee also provided uncontroverted testimony that she was not under the influence of alcohol or drugs either on the date of injury or on October 3, 2014.

Goodwill contended that Ms. Smithee did not carry her burden of establishing a compensable work injury. Goodwill also asserted that her failure to submit to the UDS at Heathstar raised suspicions as to the veracity of her claim.

## ANALYSIS

The Court utilizes the following legal principles in analyzing this matter:

The Workers' Compensation Law shall not be remedially or liberally construed in favor of either party but shall be construed fairly, impartially and in accordance with basic principles of statutory construction favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2014). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Tindall v. Waring Park Ass'n,* 725 S.W.2d 935, 937 (Tenn. 1987); *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

The uncontroverted testimony presented in this matter established that Ms. Smithee timely reported her alleged back injury to her supervisor, Mr. Horner. In response, neither Mr. Horner nor any other Goodwill representative presented Ms. Smithee with a panel of physicians.

Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) (2014) requires that "in any case when the employee has suffered an injury and expressed a need for medical care, the employer shall designate a group of three (3) or more independent reputable physicians, . . . from which the injured employee shall select one (1) to be the treating physician."

3

Despite Ms. Smithee's repeated requests for treatment, Mr. Horner did not provide the required panel of physicians until October 3, 2014, more than a month after the injury. Ms. Smithee presented that same day to her selected provider; however, issues regarding the UDS prevented her from seeing a physician and apparently led to her termination.

The Court recognizes an employer's right to require an injured worker to submit to a UDS. However, it is unclear what benefit Goodwill hoped to derive from Ms. Smithee's UDS over a month after the alleged date of injury occurred. Even if Ms. Smithee were intoxicated on October 3, 2014, which her independent UDS later that day refutes, that fact would have no bearing on whether she was intoxicated on the date of injury.

The Court finds no impediment to Ms. Smithee's right to medical treatment for her alleged injury of August 25, 2014. She requests the Court to appoint her primary care physician, Dr. McGaha, as an authorized provider. The evidence presented at this point is insufficient to support the designation of Dr. McGaha as the authorized provider. She has only treated once at the local Health Department since October 3, 2014, not with Dr. McGaha. However, Ms. Smithee may select one of the remaining facilities listed on the previously-provided panel in order to receive authorized medical care for her injury. Ms. Smithee shall be entitled to reasonable and necessary medical treatment directly related to her work injury, if any, in accordance with the findings of her authorized physician.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Smithee is entitled to select one of the remaining authorized facilities listed on the panel presented to her on October 3, 2014. She is entitled to reasonable and necessary medical treatment directly related to her work injury, if any, in accordance with the findings of her authorized physician.

2. This matter is set for an Initial (Scheduling) Hearing on January 6, 2016, at 10:30 a.m. Eastern.

3. **Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2014). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.**

4

4. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email WCCompliance.Program@tn.gov or by calling (615) 253-1471 or (615) 532-1309.


**ENTERED this the 6th day of November, 2015.**

**Judge Brian K. Addington**
**Court of Workers' Compensation Claims**

<u>Initial (Scheduling) Hearing</u>:

A Scheduling Hearing has been set with **Judge Brian K. Addington, Court of Workers' Compensation Claims. You must call 865-594-6538 or toll-free at 855-543-5044 to participate in the Initial Hearing.**

**Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board

will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within three business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within three business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:
1. Affidavit of Shelia Smithee, November 6, 2014
2. Affidavit of Charles Breeden, November 6, 2014
3. Medical record, Department of Health, October 13, 2014
4. Medical record, ExpressHealth Clinic, October 3, 2014
5. Panel of physicians, October 3, 2014

Technical record:[2]
1. Petition for Benefit Determination, October 14, 2014
2. Dispute Certification Notice, February 12, 2015
3. Order Setting an Expedited Hearing, August 28, 2015

---

[2] The Court did not consider attachments to the above filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in the above filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order For Medical Benefits was sent to the following recipients by the following methods of service on this the 6th day of November, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent To: |
|------|----------------|------------------|---------|------------|-----------|----------|
| **Sheila Smithee** | X | | | | | **1115 Greenlee Street Dandridge, TN 37725** |
| **Eric Harrison, Employer/Carrier's Counsel** | | | | | X | **eharrison@wimberlylawson.com** |

**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

8